```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ORTHOPEDIC SPINE CARE
OF LONG ISLAND, P.C,

                Plaintiff,          MEMORANDUM & ORDER
                                    09-CV-2757 (JS)(ETB)
        -against-

J.I. and ROCHELLE INGARDIA,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Peter Birzon, Esq.
                  Peter Birzon & Associates
                  400 Jericho Turnpike, Suite 100
                  Jericho, New York 11753

For Defendants:   J.I., pro se
                  2207 Altman Way
                  Hephzibah, Georgia 30815

                  Rochelle Ingardia, pro se
                  2207 Altman Way
                  Hephzibah, Georgia 30815
```

SEYBERT, District Judge:

Orthopedic Spine Care Of Long Island, P.C. ("Plaintiff") sued J.I. and Rochelle Ingardia ("Defendants") on an account stated claim arising out of unpaid medical bills. Pending before the Court is Plaintiff's unopposed motion for summary judgment; for the following reasons, the motion is GRANTED.

BACKGROUND

Plaintiff sued Defendants for an account stated in connection with medical services rendered in 2006. As required when moving for summary judgment against pro se litigants, Plaintiff sent Defendants "notice of the requirements of Rule 56." Irby v. N.Y.C. Transit Auth., 262 F.3d 412, 414 (2d Cir. 2001). Defendants have not responded to Plaintiff's Local Civil Rule 56.1 Statement of Undisputed Facts. Accordingly, the facts contained therein are deemed admitted. See LOCAL CIV. R. 56.1(c); Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("if the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted").

In December 2003, as a result of an automobile accident, J.I. became a patient of Plaintiff. (Pl. 56.1 Stmt. ¶ 6.) At that time, J.I. was under the age of 18 and his mother, Rochelle Ingardia, signed a Patient Information and History Form authorizing payments of medical benefits to OSCLI for any services rendered to her son. (Id. at ¶ 9.) Additionally, Ms. Ingardia also agreed to be personally liable for any payments due for these medical services. (Id. at ¶ 10.) On March 24, 2006, J.I. reached the age of 18 and signed an additional Patient Information and History Form agreeing to be personally liable for the medical services he received. (Id. at ¶ 11.)

In June 2006, Plaintiff's physicians performed pre-surgical and extensive spinal surgery procedures on J.I. (Id. at ¶ 12.) For the pre-surgical services rendered, the total charge was $1,175. (Id. at ¶ 13.) The surgery charges totaled $193,175, which were divided into three claims: claim #618456269 for $106,500; claim #61845630330 for $43,500; and claim #61845630390 for $42,000. (Id. at ¶ 14.) Plaintiff submitted these claims to Defendants' insurance company, Empire BlueCross BlueShield. (Id. at ¶ 16.)

According to Empire, it made payments on Defendants' claims directly to the Defendants. (Id. at ¶ 17.) Most of that money, however, was not forwarded to Plaintiff. Instead, for the services rendered, Plaintiff received the following partial payments: a check for $175 paid by Defendant Rochelle Ingardia; $91.00 and $3,805.06 paid by Empire directly by check to Plaintiff. (Id. at ¶ 18.) Currently, the balance of the claim, and the amount Plaintiffs seek in this action, is $189,103.94 plus interests and costs. (Id. at ¶ 19.) On June 4, 2009, Plaintiff demanded the balance in a letter addressed to J.I. at his current mailing address in Hephzibah, Georgia. (Id. at ¶¶ 20, 21.) When it received no response, Plaintiff sent a second demand for payment on June 17, 2009, again addressed to the Hephzibah, Georgia, address but this time to Ms. Ingardia.

(Id. at ¶ 23.) Both letters were sent certified mail and signed for by Ms. Ingardia. (Id. at ¶¶ 22, 25.)

Plaintiff, not having received a response from either Defendant, filed this action for the balance owed. Both Defendants were personally served with the Summons, Complaint and Amended Complaint at their Hephzibah, Georgia address. (Id. at ¶¶ 28, 29.) Defendants filed their answer shortly thereafter but have failed to defend this action further. Additionally, as required in cases of pro se litigants, after Plaintiff moved for summary judgment, a notice was sent to Defendants explaining the consequences and procedures of that motion. Pl. Notice Pursuant to 56.2. Defendants have not opposed the motion.

## DISCUSSION

The Court first addresses subject matter jurisdiction and then considers Plaintiffs' pending summary judgment motion and requests for interest, attorney's fees, and costs.

## I. Subject Matter Jurisdiction

As an initial matter, the Court has diversity subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Notwithstanding Defendants' denial that Ms. Ingardia currently resides in Hephzibah, Georgia, she received certified mail at the Georgia address and was personally served there. Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("An individual's residence at the time a lawsuit is commenced

4

provides prima facie evidence of his domicile.") (emphasis in original); Pl. Ex. G, H, J. Although this is not a critical component of the Court's analysis, the Court notes that Defendants admitted to jurisdiction in their answer. Defs. Answer ¶ 4.

II. Standard of Review for Summary Judgment Motions

The Court shall grant a motion for summary judgment pursuant to Rule 56 if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The burden of showing that there is no genuine issue of material fact rests with the moving party. McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997) (citing Adicks v. S. H. Kress & Co., 398 U.S. 144, 161 (1970)); see also Christman v. Utica Nat. Ins. Group, 375 F. App'x 106 (2d Cir. 2010). In determining whether the moving party has met this burden, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. Once the moving party has established there is no genuine issue of material fact, "the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia University, 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505).

Rule 56.1 of the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York requires that a moving party must submit a statement of alleged undisputed facts. Where, as here, the "nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, [this Court] may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001); see also Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) ("The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically.").

III. Plaintiff's Account Stated Claim

In New York, an account stated claim "requires 'an agreement between the parties to an account based upon prior transactions between them.'" LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999) (citing Chisholm-Ryder Co. v. Sommer & Sommer, 421 A.D.2d 429, 421 (N.Y. App. Div. 1979)). "[A] party receiving an account is obligated to inspect it, and if that party 'admits it to be correct, it becomes a stated account and is binding on both parties.'" In Re Rockefeller Ctr. Props., 46 F. App'x 40 (2d Cir. 2002) (citing Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff, 638

F. Supp. 714, 719 (S.D.N.Y. 1986)). A debtor may impliedly agree to an account stated if he fails to object to the account within a "reasonable time." Yannelli, Zevin & Civardi v. Sakol, 749 N.Y.S.2d 270 (2d Dep't 2002). Additionally, "[a]n agreement may also be implied if the debtor makes partial payment." Chisholm-Ryder Co., 70 A.D.2d at 431. However, an account stated claim fails "where any dispute about the amount is shown to have existed." Abbott, Duncan & Wiener v. Ragusa, 625 N.Y.S.2d 178 (1st Dep't 1995).

To prevail on its motion for summary judgment, Plaintiff must show that Defendants received the services from Plaintiff and that there is no dispute as to the amount owed. As the facts set forth in the Statement of Undisputed Facts are deemed true for purposes of this motion, Plaintiff has established all of the elements of an account stated claim. Defendants admit that Plaintiff performed spinal surgery on J.I. Defs.' Answer ¶ 5. On June 9, 2006, Dr. Arnold Schwartz, President and a shareholder of Plaintiff, performed pre-surgical medical services on J.I. See Schwartz Aff. ¶ 3. Additionally, On June 20, 2006, Dr. Paul Alongi, another shareholder of Plaintiff, assisted Dr. Schwartz in performing the spinal surgery on J.I. See Alongi Aff. ¶ 3.

Plaintiff also established that Defendants acknowledged the debt. Its Practice Administrator, Joanne

Jasen, testified that she collected J.I.'s Patient Information and History Forms, which were signed by each Defendant. Jasen Aff. ¶ 3; Pl. Ex. A, D. Those Forms authorized payment to Plaintiff for medical services rendered to J.I. Id. Regarding the pre-surgical and surgical procedures performed by Plaintiff, Ms. Jasen submitted the claims, pursuant to the authorization forms, to Defendants' insurance company Empire BlueCross BlueShield. Jasen Aff. ¶¶ 4, 5. Empire responded with a status report indicating that payment for the medical services provided to J.I. was released directly to Defendants. Jasen Aff. ¶ 7; Pl. Ex. E, F.

When Defendants failed to forward payment to Plaintiff for the balance owed, Plaintiff sent each Defendant a demand letter via certified mail. Birzon Aff. ¶ 2, 3; Pl. Ex. G, H. By failing to respond to those demands, Defendants impliedly assented to the account stated. Interman Indus. Prod., Ltd. v. R.S.M. Electron Power, Inc., 37 N.Y.2d 151, 154 (1975) ("in the absence of an objection made within a reasonable time, an implied account stated may be found"). Further, the Court additionally concludes that the partial payment rendered by Defendant Rochelle Ingardia of $175.00 also establishes her acknowledgment of the debt. See Chisholm-Ryder Co., 70 A.D.2d at 431; Jasen Aff. ¶ 10.

Although Defendants' Answer to the Complaint and Amended Complaint states that the medical treatment J.I. received was "substandard," without supporting evidence or a response to the Statement of Undisputed Facts, the Court cannot say there exists a dispute regarding the amount due. Weinstock, 224 F.3d at 41 ("unsupported allegations do not create a material issue of fact"); Defs. Answer ¶ 8. Accordingly, Plaintiff supports all elements of an account stated claim as a matter of law.

IV. Plaintiff's Request for Interest, Attorneys' Fees, and Costs

Plaintiff requests prejudgment interest, attorneys' fees, and costs. Plaintiff has not provided the Court with a reason from departing from the usual rule that each party pay its own legal fees, thus its request for attorneys' fees is DENIED.

Plaintiff's request for prejudgment interest at the statutory rate (9% per annum) is GRANTED. Interest is "computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001. Here, the cause of action accrued when Defendants impliedly acknowledged the debt by failing to object to Plaintiff's June 17, 2009 demand letter. (Pl. Mem., Ex. H.)

9

Plaintiff should settle its taxable costs with the Clerk of the Court in the first instance. FED. R. CIV. P. 54(d); LOCAL CIV. R. 54.1(a).

CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED on its account stated claim. The Clerk of the Court is directed to enter judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of $189,103.94 plus 9% prejudgment interest from June 17, 2009. Plaintiff shall address its request for costs to the Clerk of the Court.

The Clerk of the Court is directed to mail each Defendant a copy of this Memorandum & Order and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

DATED:   August   25  , 2011
         Central Islip, New York